**IN THE COURT OF APPEALS OF IOWA**

No. 24-1173
Filed May 21, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEBRA KAY MILLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.


        A defendant appeals the prison sentences imposed following her guilty pleas to first-degree theft and assault while displaying a dangerous weapon. **AFFIRMED.**


        Alexander Smith of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ. Telleen, S.J., takes no part.

**BADDING, Judge.**

In April 2023, Debra Miller pled guilty to first-degree theft and assault while displaying a dangerous weapon for stealing a woman's cell phone and threatening to stab her with a pair of scissors. At the sentencing hearing, the State asked the district court to impose a prison sentence while defense counsel urged the court to place Miller on probation. The court chose prison, sentencing Miller to concurrent terms not to exceed ten years on the theft charge and two years on the assault charge. Miller appeals,[1] claiming the "court abused its sentencing discretion in sentencing [her] to prison."

Sentencing decisions that fall within statutory limits, as this one does, are "cloaked with a strong presumption in their favor." *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022) (cleaned up). We will not reverse a sentence absent an abuse of discretion or some defect in the sentencing procedure. *Id.* "The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently, but whether the sentence was based on unreasonable or untenable grounds." *State v. Rasmussen*, 7 N.W.3d 357, 364–65 (Iowa 2024) (cleaned up).

Miller argues that because of her mental health and substance use history, she "was the kind of defendant who deserved a suspended sentence." "Any other conclusion," according to Miller, "is clearly untenable or clearly unreasonable." The district court considered and rejected the mitigating factors highlighted by Miller at

---

[1] Because Miller is challenging her non-mandatory and contested sentence, she has good cause to appeal as required by Iowa Code section 814.6(1)(a)(3) (2024). *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

the sentencing hearing, noting her lengthy criminal history and failure "to take advantage of community-based resources that have been here all along to help." We find no abuse of discretion in the court's sentencing decision and affirm without further opinion.  *See* Iowa Ct. R. 21.26(1)(e).

      **AFFIRMED.**